## McINTOSH v HUSTON

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 19, 1935

Wilkin, Fisher & Limbach, New Philadelphia, and Lynch, Day, Pontius & Lynch, Canton, for plaintiff in error.

J. L. Amerman, Canton and W. B. Quinn, Canton, for defendant in error.

## OPINION

By LEMERT, PJ.

Under the terms of the contract, McIntosh was permitted to operate the mine and in the event he did not purchase the equipment within a stipulated time, at a price satisfactory to Miss Huston, then the contract was void and he had no right upon the property. If McIntosh wanted to have continued to occupy the premises, the thing for him to have done was to comply with his contract. This he never offered to do, so that there was a default upon his part. Therefore, as we view it, as this case now stands, the court below in the first or injunction suit decided as between the parties that a contract was made between them and McIntosh violated the same, and that he had no rights in and about the premises. We believe this was a final disposition of the case arising out of this contract, and should have been the end of all litigation.

There is nothing ambiguous about the terms of this lease or contract or of the clause which cancels it if the equipment is not purchased by the lessee. The lessee kept taking out coal from the mine and used lessor's equipment without paying her more than $279.00 for over $4,200.00 worth of coal, and without compensating her for the use of her machinery and equipment.

He now seeks to recover for the value of the repairs he claims to have made to her machinery while using it, without buying it or paying rent for its use. He also seeks to recover wages that he claims to owe the men who were working for him in the mine.

The record discloses that McIntosh went to the mine and inspected it several times and began operations before he had a lease. He kept on operating long past the period set for him to purchase the equipment. He persisted in continuing without performing his part of the agreement. If he had purchased the machinery, as provided in the contract, these repairs would have been on his own property, yet he is seeking to recover for the repairs made on this same machinery.

In regard to the claimed error on the refusal of the trial court to give plaintiff's requests Nos. 1 and 2 before argument. we find no error therein, for the reason that the same was not applicable to the situation as disclosed by evidence and under the terms of the contract existing between the parties.

We are, therefore, of the opinion that the parties hereto had a fair and impartial trial in the court, and we find no error therein, and the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.